IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| ASHLEY WADDELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 09-0381-CV-W-ODS |
| ) | |
| NCO FINANCIAL SYSTEMS, INC., ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER AND OPINION DENYING DEFENDANTS' MOTION TO STRIKE

Pending is Defendant PCM's Motion to Strike, which asks the Court to strike Paragraph 34 from the Amended Complaint. The motion (Doc. # 29) is denied.

Plaintiff alleges Defendants violated the Fair Debt Collection Practices Act ("FDCPA"). Paragraph 34 of the Amended Complaint alleges:

> On information and belief, Defendant PCM entered into a proposed settlement with the Federal Trade Commission in 2000, in part, for PCM's failure "to notify credit bureaus when consumers disputed collection accounts with PCM." See Exhibit D.

Exhibit D is a press release from the FTC.

Performance Capital Management contends it is not the party described in the press release; the party that settled with the FTC was Performance Capital Management, Inc.. In support of striking the paragraph, PCM argues (1) it is prejudicial to its defense and (2) the 2000 settlement is irrelevant. For her part, Plaintiff contends the two companies are related, as the defendant in this case is the successor in interest to the entity that settled with the FTC. Plaintiff also argues the matter is relevant.

"The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The Court has broad discretion in considering the motion, but motions to strike are viewed with disfavor. Stanbury Law Firm v. Internal Revenue Service, 221 F.3d 1059, 1063 (8th Cir. 2000). Here, the Court discerns no prejudice to PCM's ability to defend itself. It can

admit or deny the allegation as it sees fit consistent with the dictates of Rule 11. There is nothing particularly scandalous about the allegation, nor is there any suggestion that it is untrue or distorted. As to the allegation's materiality, the allegation is arguably related to this litigation. The FTC settlement may not be relevant in the evidentiary sense, but this issue cannot be decided at this time. However, the Court does not interpret Rule 12(f) as calling for an "admissibility standard" to assess materiality.

IT IS SO ORDERED.

DATE: December 7, 2009

/s/ Ortrie D. Smith
ORTRIE D. SMITH, JUDGE
UNITED STATES DISTRICT COURT